FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ DEC 17 2002 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                              98 CR 0159 (SJ)

     - against -

                                                                    MEMORANDUM
                                                                     AND ORDER

ALLEN I. GROSS, PETER
REBENWURZEL and DAVID MALEK,

                    Defendants.
-------------------------------------------------X

A P P E A R A N C E S:

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, New York 11201
By:    Andrew Hinton, Esq.
         Assistant U.S. Attorney (of Counsel)
Attorneys for the Government

GERALD B. LEFCOURT, P.C.
148 East 78th Street
New York, New York 10021
By:    Gerald B. Lefcourt, Esq.
         Sheryl E. Reich, Esq.
Attorneys for Defendant Gross

GOODKIND LABATON RUDOFF & SCHARROW LLP
100 Park Avenue
New York, New York 10017
By:    Mark S. Arishon, Esq.
Attorneys for Defendants Malek and Rebenwurzel

1

JOHNSON, District Judge:

On October 2, 2001, this Court issued a Memorandum and Order (the "2001 Order") granting a Motion brought by Allen I. Gross ("Gross"), Peter Rebenwurzel ("Rebenwurzel") and David Malek ("Malek"), (collectively "Defendants") to dismiss an indictment brought against them on February 12, 1998. United States v. Gross, 165 F. Supp.2d 372, 374 (E.D.N.Y. 2001). Before this Court is the Government's Motion for Reconsideration of the 2001 Order. For the reasons stated below, the Government's Motion for Reconsideration is DENIED.

## Background

Familiarity with the prior decision, and the factual background detailed therein, is assumed. See United States v. Gross et al., 165 F. Supp.2d 372, 374-76 (E.D.N.Y. 2001). Defendants were indicted on February 12, 1998 on charges of bank fraud and making false statements in connection with mortgage applications in violation of 18 U.S.C. §§ 1344 and 1041. Id. The charges stem from activities alleged to have taken place between 1987 and 1989 involving loans obtained by Gelt Funding Corp. ("Gelt"), a mortgage brokerage business owned by Defendant Gross, in which Defendants Rebenwurzel and Malek were purchasers of commercial property. Id.[1]

Defendants filed pre-trial motions in January 1999, raising a variety of issues, including allegations of due process violations. This Court held hearings over the

---

[1] Defendants were also defendants in actions brought by First Nationwide Bank in the Southern District of New York and in New York State Courts. Id. at 376. All previous actions resulted in dismissals. Id.

2

course of four days, beginning September 15, 1999 and concluding on March 8, 2000. Id. Ultimately, this Court held that Defendants had suffered "actual and severe prejudice" as a result of the Government's delays in bring the indictment, which resulted in missing documents and witnesses. Id. at 381-83. Moreover, this Court held that the Government's reason for the delays did not justify the prejudice to Defendants. Id. at 383-85. Accordingly, this Court dismissed the indictments.

On November 13, 2001, the Government filed its Motion for Reconsideration,[2] and on March 19, 2002, Defendants served their Opposition.

**Timeliness**

The Federal Rules of Criminal Procedure do not set forth specific guidelines for motions for reconsideration. Rule 47 simply defines, in broad parameters, the manner in which parties will apply to the courts; it provides no explicit instructions or time frames. See Fed. R. Crim. P. 47 ("Rule 47"). Furthermore, the Local Rules for the Eastern District do not specify guidelines for motions for reconsideration in criminal cases. See generally Local R. Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and Local Civil Rule 6.3 for the Southern and Eastern Districts of New York ("Local Rule 6.3") both articulate procedures for making motions for reconsideration. See Fed. R. Civ. P. 59(e); Local Civ. R. 6.3. In both

---

[2]The Government has not articulated a statutory authority or any other legal basis upon which it brings this Motion. However, the Court presumes that the Motion is appropriate under Rule 47 of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 47.

3

cases, a party must file the appropriate papers "no later than" or "within ten (10) days" of the "entry" or "docketing" of the order being questioned. Id.

For the purposes of the current motion, Defendants argue that the Government's papers are untimely because they were filed 32 days after the docketing of this Court's Memorandum and Order, and a motion for reconsideration is only timely if filed within the 10 days prescribed by Rule 59(e) and Local Rule 6.3. (See Def.'s Mem. Opp. Gov't's Mot. for Reconsideration at 3). The Government argues that its papers were timely because, according to Canale v. United States, 969 F.3d 13 (2d Cir. 1992), a motion for reconsideration in a criminal matter is timely if filed within 30 days of the docketing of the original order. (See Gov't's Mem. in Supp. Mot. for Reconsideration at 3).[3]

The Second Circuit has not ruled directly on this question.[4] Several district courts have been faced with the same question, however, and have held that it is proper for a court to look to the civil rules for guidance in the absence of a criminal rule directly on point. See United States v. Gigante, 971 F. Supp. 755, 758 (E.D.N.Y. 1977) (Weinstein, J.) ("Since the Rules of Criminal Procedure do not speak

---

[3] As Defendants note, the 30th day fell on a Sunday, and the following Monday was a legal holiday, thus the Government's papers are presumed to have been timely filed if this Court accepts the Government's position that a motion for reconsideration is timely if filed within 30 days. (See Def.'s Mem. Opp. Gov't's Mot. for Reconsideration at 3); see also Fed. R. Crim. P. 45(a) (detailing how to compute time under the Criminal Federal Rules).

[4] The Ninth Circuit has held that motions for reconsideration in criminal matters are timely if brought within thirty days. See United States v. Nezaj, 668 F. Supp. 330, 332 (S.D.N.Y. 1985) (citing In re Kiefaber, 774 F.2d 969, 973-74 (9th Cir. 1985)).

4

specifically to this matter, a court conducting a criminal case is permitted to draw from and mirror a practice that is sanctioned by the Federal Civil Rules of Procedure." (citing Fed. R. Crim. P. 57(b), which states that "a judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district" where there is no controlling law on an issue)); see also United States v. El-Gabrowny, No. 93 Cr. 181, 1994 WL 74072, at *2 (E.D.N.Y. Mar. 9, 1994) (finding that, in a criminal matter, the government's motion for reconsideration was untimely because it was not filed within the 10 days in the analogous civil rules, Rule 59(e) or Local Rule 3(j) (now 6.3)); United States v. Nezaj, 668 F. Supp. 330, 332 (S.D.N.Y. 1985) ("although the local Criminal Rules do not establish a specific time in which a party must file a Notice of Motion for reargument, . . . to be timely, the government must have filed its Notice of Motion within ten days after the court's decision was docketed").

The Court notes that the case relied on here by the Government, Canale, 969 F.2d 13, does not hold that a motion for reconsideration in a criminal matter is timely if filed within 30 days of the docketing of the original order. See United States v. Acosta, No. 92 Cr. 589, 1993 WL 148942 (S.D.N.Y. May 3, 1993), *vacated on other grounds*, 17 F.3d 538 (2d Cir. 1994). As Judge Stanton noted in Acosta, "Canale . . . did not hold (as the government thinks) that the time to file a motion for reconsideration in a criminal matter is thirty days from the date of entry of the order. Rather, it held that the time for filing a notice of appeal ran from the date that district

5

court . . . denied the government's untimely motion to reargue." Id. at *2. Thus, Canale does not provide any direction for this Court to follow on the timeliness of the Government's Motion.

Accordingly, although it is likely the Government's Motion for Reconsideration is untimely given the strength of persuasive authority which would require the Motion's filing within ten days of the docketing of the original order, this Court determines that it is unnecessary to so hold, because the Motion will fail under the very high burden imposed on such motions as described below.

**Standard of Review**

Regardless of the specific statute under which the Government brings its Motion, the Court notes that, in all circumstances, motions for reconsideration are assessed under a very strict standard. See, e.g., Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (noting the very high burden a movant faces on a reconsideration motion in the context of a resubmitted motion to dismiss, analyzed under the "law of the case" doctrine); United States v. Chiochvili, 103 F. Supp.2d 526, 528 (N.D.N.Y. 2000) (noting that a "'clearly erroneous' standard of review applies to motions for reconsideration" under the Northern District of New York's Local Rule 7.1(g) (comparable to Local Rule 6.3)); Pena-Rosario v. Reno, No. 99-4652, 2000 WL 620207, at * 1 (E.D.N.Y. May 11, 2000) (Gleeson, J.) (noting that "the requirements of Local Rule 6.3 . . . are strictly construed in order to keep the

P-049

court's docket free of unnecessary relitigation"); Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) (Glasser, J.) ("The standards for granting a motion for reconsideration under both Rule 59(e) and Local Rule 3(j) are strict . . . 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court'" (internal citations omitted)). Accordingly, for purposes of the standard to apply to the Government's Motion, this Court looks to Local Rule 6.3 for the appropriate framework. See United States v. Berger, No. 00 Cr. 877, 2002 WL 273114, at *1 (S.D.N.Y. Feb. 26, 2002) (noting that a defendant's motion to reconsider a prior order in a criminal matter was insufficient to meet Local Rule 6.3's requirements).

Local Rule 6.3 authorizes motions for reconsideration when accompanied by "a memorandum setting forth concisely the matters or controlling decisions which [a moving party] believes the court has overlooked." Local R. 6.3; see also Eisemann v. Greene, 204 F.3d 393, at 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)). Various factors courts have considered in granting a motion to reconsider include, 1) an intervening change of controlling law, 2) the availability of new evidence not previously available, and 3) the need to correct a clear error or prevent manifest injustice. Brown v. J.F.H. Mak

7

Trucking, No. 95-2118, 1999 WL 1057274, at *1 (E.D.N.Y. Nov. 8, 1999).

Reconsideration will be denied unless the moving party can point to matters "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-67 (2d Cir.1995) (citations omitted). A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously. PAB Aviation, Inc. v. United States, No. 98-5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000) ("Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal."). A motion for reconsideration cannot advance a new argument, as it is deemed waived, see PAB Aviation, 2000 WL 1240196, at * 1, nor can such a motion be used as a vehicle to introduce new evidence "that should have been set forth during the pendency of the prior motion or could have been discovered in the exercise of due diligence." Brown, 1999 WL 1057274, at * 1 (quoting Issacson v. Keck, Mahin & Cate, 875 F. Supp. 478, 480 (N.D. Ill. 1994)); see also United States v. Wilson, 120 F. Supp.2d 550, 553-54 (E.D.N.C. 2000) ("if the evidence forming the basis for a motion for reconsideration is in the movant's possession at the time of the initial hearing, 'the movant must provide a legitimate reason for failing to introduce that evidence.'" (citations omitted)).

The decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court." United States v. United States Currency in the Sum of

8

P-049

Ninety Seven Thousand Two Hundred Fifty-three Dollars, No. 95-3982, 1999 WL 84122, at *2 (E.D.N.Y. Feb. 11, 1999). Moreover, in no case should a motion to reconsider be used as a substitute for an appeal. See Brown, 1999 WL 1057274, at * 1.

The Government has failed to meet its heavy burden under any interpretation of its argument. The main thrust of the Government's Motion is an attempt to reargue the same points raised in its response to the initial motion to dismiss, throughout the hearing, and in the post-hearing briefs. In fact, at numerous points in the Government's Memorandum of Law accompanying its current Motion, the Government refers the Court to one of those sources for a more thorough explication of its current argument. (See Gov't's Mem. in Supp. Mot. for Reconsideration at 5, 7-8, 10, 11). The Government does present new arguments, primarily in the form of supplementation to arguments made in response to Defendants' Motion to Dismiss. In such cases, the Government places emphasis on points it neglected to focus on previously, merely to buttress the arguments already rejected by this Court's 2001 Order. (See Gov't's Mem. in Supp. Mot. for Reconsideration at 2-3 (justifying the submission of an affidavit to support a point previously rejected by this Court)). A motion for reconsideration is an improper platform upon which to make such an argument. See, e.g., PAB Aviation, 2000 WL 1240196, at * 1.

Furthermore, the Government fails to justify the introduction of new evidence – here, the Affirmation of Debra Ann Pucci. As the Defendants make clear in their

9

P-049

papers opposing the current Motion, the Government was well aware of Ms. Pucci's existence prior to the hearings, yet failed to present her testimony at that time. The Government's justification for presenting Ms. Pucci's testimony illustrates its improper intent:

> Although we did not previously submit this official's evidence – largely because of our position that the claimed prejudice was not of paramount concern given the lack of improper prosecutorial intent – we believe that, in light of the Court's finding, this additional evidence places the defendants' claim of prejudice in the correct factual context.

(See Gov't's Mem. in Supp. Mot. for Reconsideration at 2-3). This argument essentially amounts to a claim that "our original estimation of what was important was wrong, and now, knowing how the Court will decide, we want another attempt to make our case." This is a luxury most parties before federal courts would want. As the caselaw makes clear, however, in the context of motions for reconsideration, it is inappropriate, both to the parties against whom the movant is advocating, and the efficient operations of the courts. See, e.g., Danielson v. United States, No. 01-1182, 2001 WL 1646164, at *1 (S.D.N.Y. Dec. 20, 2001) ("Rule 6.3 is intended . . . 'to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" (citations omitted)); Chiochvili, 103 F. Supp.2d at 528 ("A simple difference of opinion, no matter how deep it runs, will not warrant reconsideration. '[A]ny litigant considering bringing a motion for reconsideration must evaluate whether what may seem to be a clear error of law is in

10

P-049

fact simply a point of disagreement between the Court and the litigant.'" (quoting In re C-TC 9th Ave. Partnership, 182 B.R. 1, 3 (N.D.N.Y. 1995)).

Finally, the Government directs the Court's attention to no controlling caselaw or statutory authority which the Court ignored. The Government's various arguments illustrate a disagreement with the Court's interpretation of Second Circuit precedent. This fact alone, however, does not warrant a motion for reconsideration; rather, it defines the very reason the federal courts have an appellate process.

Furthermore, the Government fails to convince the Court that, barring a reversal, the Court's prior Order would result in a "clear error," or perpetuate some "manifest injustice." To the contrary, as the Court noted in its Order dismissing the indictments against Defendants, the "prosecution of Defendants would violate fundamental notions of fair play and decency." Gross, 165 F. Supp.2d at 385. Accordingly, this Court's prior Order stands, and the Government's Motion is denied.

**Conclusion**

For the foregoing reasons, the Government's motion for reconsideration is DENIED. The Clerk of the Court is directed to enter judgment for the Defendants, and to close the case.

SO ORDERED.

Dated: December 5, 2002
Brooklyn, New York

_____
U.S.D.J.

11